# CHESHIRE,

## SPARHAWK *v.* WALPOLE.

If, in laying out a road, the selectmen award to a tenant for life damages for land taken, and award nothing to the reversioner, the town shall not, in an action by the tenant for life to recover the sum awarded, show that the selectmen intended the sum as the value of the whole estate, to defeat the plaintiff's claim to a part of the sum so awarded.

DEBT, brought to recover the sum of sixty-five dollars, awarded to the plaintiff as damages for laying out a highway, by the selectmen of Walpole, under the following circumstances:

The plaintiff had an estate for life in a piece of land over which the highway passed, the reversion being in the heirs of her late husband, J. B. Sparhawk. On petition, the selectmen laid out the highway over said land, and made a report of their doings, which was filed and recorded in the office of the town-clerk of Walpole. The sum of sixty-five dollars, assessed by the selectmen for the whole damage done to said lot, was by them awarded to the plaintiff, without making any separation thereof between the plaintiff and the owners of the reversion. The fact that the whole damages for the whole lot were awarded to the plaintiff, can only be proved by oral evidence. The plaintiff, on the 6th of September, 1848, demanded said sum of sixty-five dollars of the selectmen, and they then proposed to pay her the proportion of it to which she would have been entitled as tenant for life, without naming any particular sum, but refused to pay her the whole; and she

refused to receive anything less than the whole sum. The proportion to which she would have been entitled, as tenant for life, was forty-two dollars thirty-seven cents. The selectmen have since settled with said heirs for the reversion, for which they paid them about twenty-seven dollars. The road was built and opened for the public travel in the fall of 1847.

Judgment is to be rendered for the plaintiff for either of said sums, with or without interest, or for the defendant, as the court, upon the above statement of facts, may think proper.

*Lane*, for the plaintiff.

*Vose*, for the defendant.

WILCOX, J. The selectmen have awarded damages to the plaintiff for land taken by them for a highway, of which she was tenant for life, but have awarded no damages to the heirs of J. B. Sparhawk, the owners of the reversion ; and it is said that for this reason the whole of their proceedings are void.

As to those reversioners, the proceedings might have been void if they had not waived their claim for damages. This they have done, and by that act the objection is cured. A settlement has been made with the heirs, and they can no longer object to an award of damages ; nor can Mrs. Sparhawk object, for damages have been awarded to her, for which she has brought this action. There is, therefore, no ground apparent upon which the proceedings of the selectmen can be avoided, either by the plaintiff or by the heirs of J. B. Sparhawk.

But it is said that damages for the whole value of the land were awarded to the plaintiff; that she must have been aware of the state of her title, and could have seen by the record that no damages were awarded to the reversioners ; and that now she can receive only such propor-

tion of the sixty-five dollars as her interest bears to the whole estate.

It does not seem to us a necessary inference from the record that the whole damages were awarded to the plaintiff. The reversioners might have waived their claim for damages, or, for some other reason, the selectmen might not have thought them entitled to damages; or their damages might have been adjudicated by agreement. There was an award to the plaintiff for her damages. She had the right to consider it as an equivalent for her interest, as it was all awarded to her. She might have been satisfied with that sum as an equivalent for her life estate in the land; but if the sum had been less it might have been unsatisfactory, and have been the occasion of an appeal by her. The award of the selectmen is in the nature of a judgment. It is conclusive upon the town, but not upon the land-owner, who has the right of appeal.

The amount of damages is to be determined by the selectmen in the first instance, and for this the parties are to be served with notice, and, if they desire it, heard. But upon the defendant's view of the matter, the plaintiff's damages were not determined at all; for there is no fixed proportion between the value of a life estate and a fee simple. If the selectmen misjudge or mistake as to the extent of the land-owner's interest, or as to its value, there seems to be no remedy except by appeal.

There is no reason why the judgment of the selectmen should not be reëxamined and overhauled in regard to the value of the land taken for roads in any and every case, if it can be so treated in this. They say here that they overvalued the plaintiff's interest, because they mistook as to its extent. In another case a claim of a land-owner might be supposed to be affected by some other mistake committed by the selectmen in estimating it. In this way such awards would pass for nothing.

*Judgment for the plaintiff for sixty-five dollars, with interest from the time of the demand.*